```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RECLAIM THE RECORDS  and              )
ALEC FERRETTI,                        )
                                      )
                Plaintiffs,           )      No. _____
                                      )
        -against-                     )      COMPLAINT
                                      )
UNITED STATES DEPARTMENT OF           )
STATE,                                )
                                      )
                                      )
                Defendant.            )
------------------------------------------------------------x
```

Plaintiffs Reclaim the Records and Alec Ferretti, by their attorney David B. Rankin of Beldock, Levine & Hoffman, LLP for their complaint, do hereby state and allege:

### Preliminary Statement

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§552 *et seq.*, seeking the production of agency records improperly withheld by Defendant United States Department of State ("DOS" or "Defendant"), in response to a request properly made by Plaintiffs.

2. Plaintiffs seek an injunction requiring Defendant to release the requested records.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction of the FOIA claim and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(b). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4. Venue is proper as the records exist on databases within this district and Plaintiff Ferretti is a resident of New York.

5. Defendant has failed to respond to Plaintiffs' request within the time allowed by FOIA. Plaintiffs have exhausted all administrative remedies pursuant to 5 U.S.C. § 522(a)(6)(C)(i).

**Parties**

6. Plaintiff Alec Ferretti is a board member of Plaintiff Reclaim the Records ("Reclaim"), a 501(c)(3) not-for-profit organization that acquires genealogical and archival data sets and images from government sources for the purpose of making such genealogical data free and accessible to the public at large. Collectively, Mr. Ferretti and Reclaim the Records are referred to as the "Plaintiffs."

7. Defendant DOS is an agency within the meaning of 5 U.S.C. §§ 551(1) & 552(f)(1).

**Factual Background**

8. On July 30, 2017, Plaintiffs submitted a FOIA request (Control Number F-2017-14380) to the DOS through its Office of Information Programs and Services (hereinafter the "Request"). The Request is attached hereto as Exhibit ("Ex.") A.

9. The Request seeks "a copy of the index to all birth and death records held by the State Department for the Panama Canal Zone." Ex. A.

10. On August 23, 2017, DOS acknowledged the Request. The acknowledgment letter is attached hereto as Ex. B.

11. On October 23, 2017, having received neither the requested records nor a denial of the Request from DOS, Plaintiffs followed up on the status of the Request via email. Plaintiffs' October 23, 2017 email is included in the email chain attached hereto as Ex. C.

12. On October 25, 2017, DOS responded by stating that, due to a FOIA backlog, there was a delay in processing the Request and it could take the agency "until September 2019 to complete the processing." DOS's October 25, 2017 email is included in Ex. C.

13. On June 13, 2018, Plaintiffs again followed up on the status of the Request via email. Plaintiffs' June 13, 2018 email is included in the email chain attached hereto as Ex. D.

14. On June 13, 2018, DOS again responded by referring to its FOIA backlog and stating, "there is presently a delay in the completion of FOIA and Privacy Act requests," but did not offer a date by which Plaintiffs could expect completion of the Request. DOS's June 13, 2018 email is included in Ex. D.

15. On January 17, 2019, Plaintiffs once again followed up regarding the Request via email. Plaintiffs' January 17, 2019 email is included in the email chain attached hereto as Ex. E.

16. On March 8, 2019, DOS responded and stated the Request was in process, once again referred to its FOIA backlog, and again failed to offer Plaintiffs a date by which Plaintiffs could expect the Request to be fulfilled. DOS's March 8, 2019 email is included in Ex. E.

17. On December 17, 2019, Plaintiffs once again followed up regarding the Request via email. Plaintiffs' December 17, 2019 email is included in the email chain attached hereto as Ex. F.

18. On December 18, 2019, DOS responded and stated the request was in process, and again failed to offer Plaintiffs a date by which Plaintiffs could expect the Request to be fulfilled. DOS's December 18, 2019 email is included in Ex. F.

19. On May 6, 2021, Plaintiffs once again followed up regarding the Request via email. Plaintiffs' May 6, 2021 email is included in the email chain attached hereto as Ex. G.

20. On May 14, 2021, DOS stated the request was in process and that the estimated date of completion was February 14, 2022. DOS's May 14, 2021 email is included in Ex. G.

21. On June 10, 2021, a DOS FOIA Analyst sent an email to Plaintiffs, stating that it was "very difficult to process this request" and requesting clarification as to the Request's time frame. DOS's June 10, 2021 email is included in the email chain attached hereto as Ex. H.

22. On June 10, 2021, Plaintiffs replied and clarified that according to the State Department Disposition of Records for the Panama Canal Zone, the time frame for the requested records was 1904-1979. Plaintiffs' clarification email is included in Ex. H.

23. DOS did not acknowledge or otherwise respond to Plaintiffs' clarification.

24. To date, Defendant has neither denied the Request nor produced the requested records.

25. At the time of filing, over 2,000 days—more than five years—have elapsed since the time of Plaintiffs filing the Request with the DOS.

## Cause of Action

26. Defendant failed to respond to or produce the records requested by Plaintiffs within twenty business days of receiving the Request as required by the FOIA, 5 U.S.C. § 522(a)(6)(A)(i).

27. Defendant continues to improperly deny Plaintiffs access to the requested records.

28. Defendant's failure to promptly make available the records sought by Plaintiffs' Request violates the FOIA, 5 U.S.C. §§ 522(a)(2)-(3) and 522(a)(6)(A)(i), and Defendant's corresponding regulations.

## Request for Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Order Defendant to conduct a thorough search for all records responsive to Plaintiffs' Request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to Plaintiffs' Request;

B. Issue a declaration that Plaintiffs are entitled to disclosure of the records responsive to Plaintiffs' Request;

C. Order Defendant to disclose all non-exempt records responsive to Plaintiffs' Request in its entirety, as well as all non-exempt portions of responsive records;

D. Order Defendant to promptly provide an index pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), and its progeny, inventorying all responsive records and itemizing and justifying all withholdings of responsive documents;

    E.    Enjoin Defendant from continuing to withhold any and all non-exempt records or portions thereof responsive to Plaintiffs' Request;

    F.    Immediately process all records responsive to the Request;

    G.    Award Plaintiffs reasonable attorneys' fees and costs pursuant to incurred in this action; and 5 U.S.C. § 552(a)(4)(E);

    H.    Grant such other relief as the Court may deem just and proper

Dated:    February 22, 2023
            New York, New York

            Respectfully submitted,

By:_____
     David B. Rankin
     Beldock, Levine & Hoffman, LLP
     99 Park Avenue, PH/26th Fl.
     New York, New York 10016
     t: 212-277-5825
     e: DRankin@blhny.com

     Jeffrey F. Kinkle
     e: jkinkle@blhny.com