UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RECLAIM THE RECORDS and ALEC FERRETTI,  Plaintiffs,  v.  UNITED STATES DEPARTMENT OF STATE,  Defendant. | 23 Civ. 1471 (JMF) |

# DECLARATION OF REGINA L. BALLARD

Pursuant to 28 U.S.C. § 1746, I, Regina L. Ballard, do hereby make the following declaration under penalty of perjury:

1.  I am the Division Chief for the Office of Records Management, Records Review and Release Division within Passport Services, Bureau of Consular Affairs of the United States Department of State (the "Department" or "State"), a position in which I have served since January 2014. I am the Department official charged with the responsibility of overseeing the release of passport records and information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; the Privacy Act of 1974. 5 U.S.C. § 552a. Prior to serving in this capacity, I served as the Team Lead for the Office of Legal Affairs and Law Enforcement Liaison.

2.  I am familiar with plaintiff Alec Ferretti's (together with plaintiff Reclaim the Records, "Plaintiff's") FOIA request bearing FOIA request tracking number F-2017-14380 that is the subject of this litigation. I make the following statements based upon my personal knowledge, as well as upon information acquired by me in the course of my official duties.

1

3. The core responsibilities of the Office of Records Management include: (1) responding to passport records requests made by the public (under the FOIA and the Privacy Act); state, local, and federal agencies; other government agencies; and foreign governments, and those made pursuant to judicial process such as subpoenas, court orders, and discovery requests; (2) reviewing and determining the release of passport records and information; (3) general management of passport records; and (4) the archiving and retrieval of those records.

4. This declaration explains the way the Department maintains passport records for what is known as the Panama Canal Zone ("PCZ") and why there are no records responsive to Plaintiff's FOIA request.

## I. PLAINTIFF'S FOIA REQUEST

5. After this litigation was filed, Department counsel contacted me and provided me with Plaintiff's FOIA request F-2017-14380. A copy of the FOIA request is attached as Exhibit 1.

6. Specifically, Plaintiff requested "a copy of the **index** to all birth and death records held by the State Department for the Panama Canal Zone." *See* Exhibit 1 (emphasis in original).

7. Plaintiff subsequently agreed to limit his FOIA request to records for persons born between 1904 and 1979 in the PCZ.

8. As explained in more detail below, there is no "index" for birth and death records for the PCZ maintained by the Department.

9. I understand that Department counsel relayed this information to Plaintiff and otherwise informed Plaintiff that the Department had not identified any records responsive to FOIA request F-2017-14380.

## II. BIRTH AND DEATH RECORDS FOR THE PCZ

10. The Department maintains birth and death records for the PCZ as paper records. These records were transferred to the Department in December 1999 by the Panama Canal Commission, who previously maintained those records.

11. The Department has a total of 48 boxes of birth records for the PCZ and each box contains approximately 1,400 index cards for a total of approximately 67,200 index cards.

12. Similarly, the Department has approximately 20 boxes of death records for the PCZ and each box contains approximately 1,400 index cards for a total of approximately 28,000 index cards.

13. The Department does not maintain, in paper or electronic form, a list or "index" of the birth and/or death records for the PCZ. Attached as Exhibit H to the complaint filed by Plaintiff in the above-captioned action, ECF No. 1-8, is a copy of a Department records disposition schedule, which includes entries that were apparently edited on "7/31/2006" for PCZ birth- and death-related records, including entries A-13-001-15f and A-13-001-15i. *See* ECF No. 1-8 at 13 and 14. I understand that Plaintiff has inquired whether the use of the word "index" in the referenced entries of this records disposition schedule means that an index exists for these records. As explained next, there is no "index" of PCZ birth and/or death records.

14. The schedule in ECF No. 1-8 describes "A-13-001-15f Vital Records File" as "Index of Panama Canal Zone Birth Certificates, adoption records and related documents for persons born between 1904 and 1979 in the [PCZ] or in hospitals administered by the U.S. Government in Panama City and Colon." ECF No. 1-8 at 13. This description is followed by the note, "g. Index Card file." *Id*. The archive status for these records was noted as "Permanent" with "Transfer to National Archives with records covered by A-13-001-15d," *id*., which entry in

turn notes "Transfer to National Archives upon acceptable scanning to digital storage medium," *id*. Entry A-13-001-15f's reference to an "Index of Panama Canal Zone Birth Certificates, adoption records and related documents for persons born between 1904 and 1979 in the [PCZ] or in hospitals administered by the U.S. Government in Panama City and Colon" is to the records I described in paragraph 11 above, *i.e.*, birth-related records maintained as a collection of index cards, as opposed to an "index" *per se*. These birth-related records have not been scanned or digitized.

15.     The schedule in ECF No. 1-8 describes "A-13-001-15i Vital Records Files" as "Index of Panama Canal Zone Death Certificates for persons who died between 1904 and 1979 in the [PCZ] or in hospitals administered by the U.S. Government in Panama City or Colon." *See* ECF No. 1-8 at 14. This description is likewise followed by the note, "h. Index Card file." *Id*. The archive status for these records was noted as "Permanent" with "Offer to National Archives with records covered by A-13-001-15g." *Id*. The entry for A-13-001-15g, in turn, notes "Transfer to National Archives once records have been successfully digitally imaged." *Id*. at 13. Entry A-13-001-15i's reference to an "Index of Panama Canal Zone Death Certificates for persons who died between 1904 and 1979 in the [PCZ] or in hospitals administered by the U.S. Government in Panama City or Colon" is to the records I described in paragraph 12 above, *i.e.*, death records maintained as a collection of index cards, as opposed to an "index" *per se*. These death-related records have not been scanned or digitized.

16.     I understand that Plaintiff also referred Department counsel to another copy of a Department records retention schedule as of "2/9/2021," which Plaintiff had retrieved from https://www.archives.gov/files/records-mgmt/rcs/schedules/departments/department-of-state/rg-

4

0059/n1-059-04-002_sf115.pdf. A copy of that schedule is attached hereto as Exhibit 2 (hereinafter, "2/9/2021 Schedule").

17. The information contained in the 2/9/2021 Schedule corresponding to entries A-13-001-15f and A-13-001-15i in ECF No. 1-8 is unchanged except that those entries were renumbered to A-13-000-15g and A-13-000-15j, respectively. *See* Ex. 2 at 13, 14.

18. Accordingly, the term "Index" used in the referenced records disposition schedules refers to the entirety of the collection of the index cards described above in paragraphs 10 through 12, not to a separate list or index of these records, in whole or in part.

19. In short, while the referenced physical index card files for birth- and death-related records for persons born between 1904 and 1979 in the PCZ exist, they are in the form of approximately 67,200 and 28,000 individual index cards, respectively, that can only be retrieved manually and one-at-a-time, *i.e.*, the Department must search these records by using personally identifiable information, including the name and date of birth of an individual, to locate a particular birth or death record for the PCZ. A Department employee would also need to examine each index card individually to determine whether the information could be released in accordance with the Privacy Act. I understand that this explanation was relayed to Plaintiff. Creating an index for approximately 95,000 index cards would take a Department employee several years to complete.

20. In 1978, the Department began microfilming Passport records. These records were stored in a system called the Passport File Miniaturization ("PFM") database. These microfilmed records, however, did not include PCZ records, which the Department did not receive until 1999.

21. In 1999, the Department began digitizing the passport records in PIERS (Passport Information Electronic Records System), which replaced PFM in 2000. The PFM database is now defunct and any electronic indexes the PFM database employed are not available in PIERS. Although the Department attempted to import some of the PCZ data to PIERS, the data entry of the records was of such poor quality that the Department abandoned the effort and decided to preserve them in their paper form instead.

22. Accordingly, the Department does not rely on PIERS as a database of verified passport records, and especially of records for the PCZ.

23. The Department uses PIERS as a tool to allow internal staff to answer file questions relating to passport records. PIERS does not contain any sort of "index" or list of passport records, including for the PCZ, that a system user can simply pull. In other words, that is not a functionality available to the Department through PIERS at this time, nor has such functionality ever been available to the Department through PIERS. Rather, a system user must input an individual's personal identifiable information, such as a name, date of birth, etc., to retrieve information on a person-by-person basis from PIERS. The Department official must then undertake a lengthy process to ensure that the information in PIERS matches the information in the actual digitized record for the individual in question.

24. I understand that Plaintiff has also referred Department counsel to a System of Records Notice ("SORN") dated July 6, 2011, for the Department's passport records to suggest that an electronic index for PCZ birth and death records must or should exist. *See* Federal Register, vol. 76, no. 129 at 39466-67 at https://www.govinfo.gov/content/pkg/FR-2011-07-06/pdf/2011-16898.pdf (copy attached as Exhibit 3 to this declaration). Specifically, Plaintiff noted language in that SORN referring to "an electronic index of department of State Reports of

Birth of American Citizens abroad." *See id*. at 39467.  The July 6, 2011, SORN for passport records refers to an "an electronic index of department of State Reports of Birth of American Citizens abroad," not to any index of PCZ records.  In any event, that reference to an "electronic index" is only to a digital version of the referenced records and not to an index or list of such records.

25. As noted above, the Department does not maintain an "index" in PIERS that Department staff can pull, print or otherwise generate that is responsive to FOIA request F-2017-14380.

26. Even if an IT specialist could manipulate PIERS to extract, for the first time since PIERS has been operational, some list of birth and death records for persons born between 1904 and 1979 in the PCZ, the Department could not rely on that list as containing accurate data. Rather, the IT specialist would have to do a bulk pull of this information and then a Department Passport analyst would need to verify that the data pulled matched the actual information in the digitized record for the individual in question.  The Passport analyst would also need to determine whether the information could be released without violating the Privacy Act or any other laws and regulations.  Undertaking this exercise for birth and death records for persons born between 1904 and 1979 would take years to complete.

27. In short, PIERS is a system that the Department uses to help Passport officials answer questions regarding Passport applications and not as an electronic database housing all of its official Passport records.  The Department relies on the paper index cards as its official birth and death records for the PCZ and there is no accompanying index—in paper or electronic form—of those records.

28.     The Department considered how it maintains birth and death records for the PCZ and confirmed that no "index" or list of such records exists.

## IV. CONCLUSION

29.     The Department considered FOIA Request F-2017-14380 and confirmed that it does not have an index of birth and/or death records for the PCZ.

30.     The Department therefore has no records that are responsive to FOIA Request F-2017-14380, as the Department informed Plaintiff by letter dated April 13, 2023.  A copy of that letter is attached hereto as Exhibit 4.

31.     Based on my experience as the Division Chief for Office of Records Management, Records Review and Release Division within Passport Services, Bureau of Consular Affairs of the Department; my understanding of FOIA request F-2017-14380; the information available to me regarding the Department's maintenance of Passport records, including any records regarding the PCZ; and the information currently accessible by the Department regarding such records, I declare that the Department's searches were reasonably calculated to uncover all potentially responsive records and that all files likely to contain relevant records were searched.

Executed by me on October 24, 2023, Washington, DC

*Regina L. Ballard*
_____
Regina L. Ballard