UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
                                                     )
RECLAIM THE RECORDS and                              )
ALEC FERRETTI,                                       )
                                                     )
                    Plaintiffs,                      )
                                                     )
                        v.                           )
                                                     )      23 Civ. 1471 (JMF)
UNITED STATES DEPARTMENT OF                          )
STATE,                                               )
                                                     )
                    Defendant.                       )
                                                     )
———————————————————————

## <u>REPLY DECLARATION OF REGINA L. BALLARD</u>

Pursuant to 28 U.S.C. § 1746, I, Regina L. Ballard, do hereby make the following

declaration under penalty of perjury:

1.       I am the Division Chief for the Office of Records Management, Records Review

and Release Division within Passport Services, Bureau of Consular Affairs of the United States

Department of State (the "Department" or "State"), a position in which I have served since

January 2014.  I am the Department official charged with the responsibility of overseeing the

release of passport records and information under the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552; and the Privacy Act of 1974, 5 U.S.C. § 552a.  Prior to serving in this capacity, I

served as the Team Lead for the Office of Legal Affairs and Law Enforcement Liaison.

2.       I am familiar with plaintiff Alec Ferretti's (together with plaintiff Reclaim the

Records, "Plaintiffs'") FOIA request bearing FOIA request tracking number F-2017-14380 that

is the subject of this litigation.  I make the following statements based upon my personal

knowledge, as well as upon information acquired by me in the course of my official duties.

1

3.      The core responsibilities of the Office of Records Management include: (1) responding to passport records requests made by the public (under the FOIA and the Privacy Act); state, local, and federal agencies; other government agencies; and foreign governments, and those made pursuant to judicial process such as subpoenas, court orders, and discovery requests; (2) reviewing and determining the release of passport records and information; (3) general management of passport records; and (4) the archiving and retrieval of those records.

4.      This declaration supplements the declaration I signed in support of the Department's motion for summary judgment filed on October 24, 2023 (*see* ECF No. 22 ("Ballard Decl.").

## I.   **PLAINTIFFS' FOIA REQUEST AND THE DEPARTMENT'S SEARCH**

5.      As explained in my prior declaration, Plaintiffs' FOIA request sought "a copy of the **index** to all birth and death records held by the State Department for the Panama Canal Zone."  (*See* Ex. 1 to Ballard Decl., ECF No. 22-1 (emphasis in original)).

6.      Plaintiffs subsequently agreed to limit the FOIA request to the index to records for persons born between 1904 and 1979 in the Panama Canal Zone ("PCZ").

7.      Despite this agreement, and as described in more detail below and in my prior declaration, the Department nonetheless searched for *any* index or list that could serve as a search aid for PCZ birth and/or death records without restriction as to the date of such records.

8.      My office was tasked with conducting a search for an index or list (or similar search aid) of PCZ birth records and/or PCZ death records in locations where such index or list might reasonably be discovered.  As explained in my prior declaration and further discussed below, as a result of that search, my office confirmed that no such index or list exists in any of the locations and systems in which PCZ records are maintained or where such index or list

2

otherwise might reasonably be discovered, including both hardcopy and electronic files.  *See* ECF No. 22 at ¶¶ 28-31.

9.      To clarify, the Department searched for an index or list of both PCZ birth records and/or PCZ death records, regardless of whether any index or list would refer to these records separately or in a combined fashion.

10.      As explained in my prior declaration, there is no "index" or list for birth and/or death records for the PCZ maintained by the Department, and the Department's search did not uncover any such index or list.  *See* ECF No. 22 at ¶¶ 10-28.

11.      Based on my experience as the Division Chief for Office of Records Management, Records Review and Release Division within Passport Services, Bureau of Consular Affairs of the Department, I have familiarity with how the Department maintains PCZ birth and death records and would have known of the existence of any index or list of these records.

12.      Nonetheless, I conducted a search for any such list or index, including by speaking with Department personnel in the Office of Consular Systems and Technology, to determine whether any such index or list could be extracted from Department systems or databases.

13.      I also spoke with other Department personnel with subject matter expertise, including Passport Services, Office of Modernization and Systems Liaison, to determine whether an otherwise unknown list or index may exist for PCZ records.  These Department personnel also confirmed that the Department does not maintain any index or list of PCZ birth or death records and are otherwise unaware of the existence of any such index or list.

3

14.     Below I also provide more detail on the Department's maintenance of these records and the process the Department undertakes to identify specific PCZ records when necessary.

## II. BIRTH AND DEATH RECORDS FOR THE PCZ

15.     As explained in my prior declaration, the Department maintains birth and death records for the PCZ as paper records.  *See* ECF No. 22 at ¶¶ 10-12, 19.

16.     Specifically, the Department has approximately 67,200 index cards for PCZ birth records and approximately 28,000 index cards for PCZ death records.

17.     The Department has also imported *some* of the PCZ records into the Passport Information Electronic Records System ("PIERS"), which is the only location in which the Department maintains electronic PCZ records.  But as I previously explained, the Department ultimately abandoned this effort, and there is an imperfect match of the data in PIERS and the paper records for the PCZ birth records and the PCZ death records. *See* ECF No. 22 at ¶¶ 21-22.

18.     Nonetheless, as also noted previously, when an employee is tasked with identifying a PCZ birth or death record, the employee begins their search in PIERS, which is intended to be used only as a tool by employees to help answer questions related to passport records.  *See* ECF No. 22 at ¶ 23.

19.     To conduct a search within PIERS for PCZ birth or PCZ death records, the employee enters the name and date of birth of the recordholder, which yields up to a certain number of results beyond which no further results are shown even if they fit the criterion used.

20.     There is otherwise no index or list that can be generated from PIERS, and PIERS does not contain any sort of "index" or list of PCZ birth or PCZ death records that a system user can pull.  Such functionality has never been available to the Department through PIERS.  *See*

ECF No. 22 at ¶¶ 22-23.  There is no other electronic recordkeeping system on which a search

for the requested index or list, *e.g.*, for "PCZ index" or "PCZ list," might reasonably result in

discovery of the requested index or list.

21.    This limitation applies to *all* users of PIERS and is not a functionality that can be

enabled for users with broader access permissions.

22.    Once the Department employee identifies the corresponding entry in PIERS, the

employee must then undertake a lengthy process to ensure that the information in PIERS

matches the information in the actual record(s) for the individual in question.

23.    If the Department employee cannot identify the record in PIERS, the employee can

attempt to identify the corresponding paper records in one of two locations.

24.    First, using the name and date of birth of the recordholder, the Department

employee can look through "book volumes" of PCZ birth and PCZ death records.

25.    To locate PCZ birth records, the Department employee needs the recordholder's

name and date of birth because the books are organized by date of birth and then alphabetically

within each date.  To locate PCZ death records, the Department employee needs the

recordholder's name and date of death because the books are organized by date of death and then

alphabetically within each date.  There is no index or list for the PCZ records that are included in

any individual book volume or the collection of book volumes.

26.    Second, the Department employee can manually search for the individual index

cards constituting the PCZ birth or PCZ death records.  These records are stored in boxes at the

Federal Records Center but are under Department control.

27.    To identify a specific PCZ birth record in these boxes of index cards, the

Department employee would need the recordholder's name and date of birth because the boxes,

like the book volumes, are organized by birth year and then alphabetically within each date. There is no index or list for the records that are contained in each box of PCZ birth records or for the full set of boxes.

28.    To identify a specific PCZ death record in these boxes of index cards, the Department employee would need the recordholder's name and date of death because the boxes are organized by death year and then alphabetically within each date.  There is no index or list for the records that are contained in each box of PCZ death records or for the full set of boxes.

29.    The Department considers the index cards to be official records of PCZ births and PCZ deaths, but there is no index or list for these cards.  An inventory of PCZ records would therefore need to be derived from the paper index cards for PCZ records.

30.    Therefore, there are no database data tables on which Department employees rely when searching for a PCZ birth or death record.  No document exists, in paper form or electronic form that could be extracted from Department systems or databases, alphabetically listing births and deaths in the PCZ.  The absence of an index or list in PIERS is not contrary to the statements made in the Privacy Impact Assessment ("PIA") regarding the Department's external sharing of PIERS information.  *See* ECF No. 36-9 at 8-10.

31.    That the Department can share PIERS data externally within the Executive Branch does not signify or require the existence of an index or list in PIERS for PCZ records.  To the contrary, as the PIA states, the Department shares PIERS data "indirectly" with the Department of Homeland Security ("DHS") by giving DHS access to the Consular Consolidated Database, which pulls information from PIERS.  This indirect sharing of data allows DHS to obtain the same data that is in PIERS through an indirect application that does not include any sort of index or table of the data included in the extraction.

32.     In conclusion, regardless of whether a Department employee is looking for a PCZ birth or PCZ death record in PIERS, in the book volumes, or among the index cards, the Department employee can locate a specific record without using an index or list, so long as the employee has personal identifying information for PIERS and the recordholder's name and either the date of birth or date of death, respectively, for the PCZ birth and death records residing in book volumes and index cards.  At no such point does the Department employee use an "index," list, or other finding aid to identify or otherwise locate a PCZ birth record or PCZ death record, and no such index, list or finding aid exists.

*****

Executed by me on June 12, 2024, Washington, DC

_Regina L. Ballard_
Regina L. Ballard