UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RECLAIM THE RECORDS and ALEC FERRETTI,<br><br>       Plaintiffs,<br><br>               v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>       Defendant. | 23 Civ. 1471 (JMF) |

## DECLARATION OF SHARON WESTMARK

Pursuant to 28 U.S.C. § 1746, I, Sharon Westmark, do hereby make the following declaration under penalty of perjury:

1. I am the Division Chief of the Production Services Design and Development Division ("PSDD") within Consular Systems and Technology, Bureau of Consular Affairs of the United States Department of State (the "Department" or "State"), a position in which I have served since November 2016. I am the Department official charged with overseeing computer application software projects that maintain and enhance software applications used to produce passports and visas and provide American citizen services at posts. Prior to serving in this capacity, I served as the Senior Advisor within Consular Systems and Technology, Bureau of Consular Affairs of the Department.

2. I am familiar with plaintiff Alec Ferretti's (together with plaintiff Reclaim the Records, "Plaintiffs'") FOIA request bearing FOIA request tracking number F-2017-14380 that is the subject of this litigation. I am also familiar with the declaration of Ron Schnell, which Plaintiffs filed with their amended opposition to Defendant's motion for summary judgment. I

am also familiar with the Department's Panama Canal Zone ("PCZ") records and its Passport Information Electronic Records System ("PIERS").  I make the following statements based upon my personal knowledge, as well as upon information acquired by me in the course of my official duties.

## I. PLAINTIFFS' FOIA REQUEST AND PCZ RECORDS

3. I understand that Plaintiffs' FOIA request sought "a copy of the **index** to all birth and death records held by the State Department for the Panama Canal Zone."  (*See* Ex. 1 to Declaration of Regina L. Ballard ("Ballard Decl."), ECF No. 22-1 (emphasis in original)).

4. I further understand that as part of its search for records potentially responsive to Plaintiffs' request, the Department considered the Panama Canal Zone ("PCZ") records that are stored in the Passport Information Electronic Records System ("PIERS").

5. PIERS contains some, but not all, of the Department's birth and death records for the PCZ.

6. To retrieve a record in PIERS, a Department employee must enter the name and date of birth of the recordholder, which yields up to a certain number of results beyond which no further results are shown even if they fit the criterion used.

7. There is no feature in PIERS that allows a user to pull an "index" of all the PCZ records stored in PIERS.

8. While the Schnell Declaration might correctly explain how, in a typical database, a user can normally create a query and extract data from a database so long as the data is stored in database columns and fields, it incorrectly assumes that this is how data is stored in PIERS.

9. The data in PIERS is stored as "images" because the Department scanned and imported the actual physical copies of the birth and death records for the PCZ.  Each saved

image of a PCZ birth or death record has a unique image identification number, which PIERS uses to retrieve the appropriate birth or death record to display to the user.

10. Because of this limitation, the only way for the Department to compile and create an "index" of the PCZ birth records and PCZ death records in PIERS (which does not currently exist) would be for a Department employee to attempt to identify an accurate means of referencing and joining data stored across multiple repositories, which would require manual searches and verification of every record. In addition to the hours that Passport officers would need to spend verifying the information, this process would require at least four technical subject matter experts and at least 100 hours devoted to researching, reviewing, and validating data.

11. In order to search for a PCZ record in PIERS, the system user must enter a person's Surname, Given Name, DOB and file type (*e.g.*: "PCZ" (Panama Canal Zone), "ROD" (report of death)). The PIERS application references two databases when a front-end user enters this information to retrieve PCZ and ROD data. As explained in Ms. Ballard's declaration, these tables do not contain all of the PCZ and ROD data as the effort to import this data was abandoned many years ago due to the poor quality of the resulting records. *See* Ballard Decl. ¶ 21.

12. The name is associated with a unique data ID called a "PRISM file number" in the backend, which is how the respective image is referenced and returned in PIERS. More specifically, the PIERS application is the front end to a series of databases, with the following data distributed across them: citizens' name, social security number, date of birth, place of birth, address, e-mail address, phone number, and PRISM file number. When a system user searches by name in PIERS, the application searches for all relevant PRISM file numbers based upon the file type entered. PIERS uses the file type identifier to join/capture the relevant unique PRISM

file numbers responsive to the search. When the PIERS user attempts to retrieve the document, the PIERS application code on the backend searches the relevant file shares/databases to retrieve the image of the PCZ birth or death record.

13. There is a unique PRISM number for each scanned document, so there could be multiple PRISM numbers associated with a recordholder, who could have a PCZ record in addition to any number of passport records. Due to the incompleteness of the digital data, the Department is unable to validate the accuracy of all the PRISM file numbers associated with the PCZ. A Passport Specialist would need to validate any data from PRISM file numbers. Consequently, as explained by Ms. Ballard, the Department does not rely on PIERS as a database of verified passport records, and especially of records for the PCZ. Ballard Decl. ¶ 22. Instead, as also noted by Ms. Ballard, the Department relies on the paper index cards as its official birth and death records for the PCZ, and there is no accompanying index—in paper or electronic form—of those records. Ballard Decl. ¶ 27.

14. Because PIERS utilizes a series of databases housing different aspects of this information, the "database queries" described in the Schnell declaration would generate unreliable data that Department personnel would have to separately validate. Consequently, an inventory of the Department's PCZ records would need to be derived from the paper index cards described in Ms. Ballard's declaration. Ballard Decl. ¶ 27.

15. In conclusion, there is no readily available "index" that can be created using PIERS that would be responsive to Plaintiff's request.

*****

Executed by me on June 12, 2024, Washington, DC

_____
Sharon Westmark